# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:11CV512-MOC-DSC

| | |
|---|---|
| YVETTE JACKSON-HARLIN,     )<br>      Plaintiff,     )<br>                              )<br>    vs.                   )<br>                              )<br>MICHAEL J. ASTRUE,        )<br>Commissioner of Social    )<br>Security Administration,  )<br>      Defendant.        )<br>_____)  | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion for Summary Judgment" (document #13) filed May 18, 2012; and Defendant's "Motion for Summary Judgment" (document #14) and "Memorandum in Support ... (document #15), both filed July 17, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On June 28, 2006, Plaintiff filed an application for a period of disability, Social Security benefits ("DIB") and Supplemental Security Income ("SSI") alleging she was unable to work as of

---

[1] Pursuant to the Pretrial Scheduling Order entered on February 3, 2012, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #10. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

June 16, 2004, due to "scoliosis, back problems, joint pain." (Tr. 269). Plaintiff's application was denied initially and on reconsideration. Plaintiff subsequently requested a hearing which was held on September 18, 2008. (Tr. 67-85).

On January 20, 2009, the Administrative Law Judge ("ALJ") denied Plaintiff's claim. (Tr. 90-100). The Appeals Council vacated that decision on March 19, 2010, and remanded the case to the ALJ for a new hearing. (Tr. 101-05).

Plaintiff testified at the second hearing on August 4, 2010. (Tr. 28-62). On September 10, 2010, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 9-27). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 14). The ALJ also found that Plaintiff suffered from degenerative disc disease, which was a severe impairment within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 16). The ALJ then considered whether Plaintiff could return to her past relevant work. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional climbing, balancing, stooping, kneeling, crouching, crawling, and mild limitations in attention concentration, understanding, memory, and following directions." (Tr. 15). Based on this RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work, which included warehouse, assembly, and clerical jobs and cosmetology. (Tr. 20).

The ALJ determined that in light of her RFC, age, education, and work experience, and based upon the testimony of a vocational expert ("V.E."), Plaintiff could perform jobs existing in

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

significant numbers in the national economy (Tr. 22). The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 23).

By notice dated August 18, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

The Plaintiff filed the present action on October 17, 2011. On May 18, 2012, after receiving a six week extension, Plaintiff filed her two page Motion for Summary Judgment along with seventy-five pages of medical records that were not presented at the administrative hearing. These records are not properly before the Court. See Plaintiff's "Motion for Summary Judgment" (document #13). As Defendant points out in his brief, Plaintiff has not developed any assignment of error or other challenge to the Commissioner's final decision. She merely expresses her disagreement with the decision. The parties' cross Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] To establish an entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S.

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

137, 146 n. 5 (1987).

Plaintiff submitted seventy-five pages of additional medical records, but fails to explain how this evidence pertains to her appeal or entitles her to remand. Assuming arguendo that Plaintiff intended to seek remand of her claim pursuant to the sixth sentence of 42 U.S.C. § 405(g) based upon new and material evidence, she bears the burden of proving that all of the sixth sentence requirements have been met. See Overcash v. Astrue, No. 5:07-CV-123-RL, 2011 WL 815789, at *3 (W.D.N.C. Feb. 28, 2011) (citing Fagg v. Chater, 106 F.3d 390, at 2 (4th Cir. 1997). Plaintiff fails to present any argument based upon the sixth sentence requirements.

"Mindful of Plaintiff's pro se status," Defendant has addressed the requirements for a sentence six remand. See Defendant's "Memorandum in Support ... at 9-11 (document #15). For the additional reasons stated in Defendant's brief, the Court finds that Plaintiff is not entitled to remand for the consideration of new evidence.

Plaintiff does not develop any assignment of error on appeal. See Plaintiff's "Motion for Summary Judgment" (document #13). She simply asserts that she is disabled due to back impairments and related pain. Id. Plaintiff's failure to articulate any challenge to the ALJ's findings is fatal on appeal. Bowen, 482 U.S. at 146 n. 5.

Again, "[m]indful of Plaintiff's pro se status," Defendant has demonstrated that the ALJ's decision thoroughly explains that while Plaintiff has a severe back impairment that causes some pain and functional limitations, she retains the RFC to work. See Defendant's "Memorandum in Support ... at 11-14 (document #15); (Tr. 12-22). For these reasons, the Court finds that the ALJ's decision is supported by substantial evidence and should be affirmed.

Although the medical records establish that the Plaintiff experienced pain and mental and

emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and hearing testimony, and the ultimate determination that the Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #13) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #14) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: July 18, 2012

David S. Cayer
United States Magistrate Judge